FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUN 2 7 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDDIE PRESSLEY,

                             Petitioner,

-against-

UNITED STATES OF AMERICA,

                             Respondent.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-2962 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Eddie Pressley brings this pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2255, challenging the sentence imposed by this court in 2005. (Docket Entry # 1.) Because Pressley has already filed a prior § 2255 petition challenging the same sentence, his Petition is TRANSFERRED to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631.

On January 31, 2005, Pressley pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841 and 846, and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). See Minute Entry of Jan. 31, 2005, United States v. Wesley et. al, No. 03-CR-297 (NGG) (E.D.N.Y. Jan. 31, 2005), Docket Entry # 322; Superseding Indictment, Wesley, Docket Entry # 223. On June 6, 2005, this court sentenced Pressley to 352 months' imprisonment and five years' supervised release. See Minute Entry of June 6, 2005, Wesley, Docket Entry # 362. Pressley appealed his conviction to the United States Court of Appeals for the Second Circuit, which affirmed on November 14, 2006. United States v. Pressley, 469 F.3d 63 (2d Cir. 2006), cert. denied, 549 U.S. 1297 (2007).

On February 10, 2008, Pressley filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255, challenging his sentence. Pressley v. United States, No. 08-CV-695 (NGG)

(E.D.N.Y. Feb. 13, 2008), Docket Entry # 1. The court denied this petition. Pressley v. United States, No. 08-CV-695 (NGG), 2010 WL 4941478 (E.D.N.Y. Nov. 30, 2010). On June 29, 2009, Pressley filed a motion for a sentence reduction in his criminal case, pursuant to 18 U.S.C. § 3582(c)(2), which remains pending before this court. Mot. for Reduction, Wesley, Docket Entry # 562.

On June 6, 2011, Pressley filed the instant Petition pursuant to § 2255. He asserts that he is entitled to resentencing on one of his convictions based on a new rule of constitutional law. (See Pet. at 12, 16-19.)

Section 2255 contains strict requirements for bringing second or successive habeas petitions:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate *court of appeals* to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (emphasis added). Thus, only a court of appeals, not a district court, may determine whether a second or successive petition "presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005).

Accordingly, in the interest of justice, the Clerk of Court shall TRANSFER this motion to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. See Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam). This Order closes this case. If the Second Circuit authorizes Pressley to proceed in this matter, he shall move to reopen

the matter under this docket number.

    SO ORDERED.

                                                  s/Nicholas G. Garaufis

Dated: Brooklyn, New York                 NICHOLAS G. GARAUFIS
       June 25, 2012                       United States District Judge